UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-23023-CIV-GAYLES/TORRES

SYNOVUS BANK, d/b/a FLORIDA
COMMUNITY BANK, N.A.,

    *Plaintiff,*

v.

LCH TRADING, INC, LCH ENGINE
REPAIR, INC., and FRANCISCO CHIRINO,

    *Defendants,*

and

TD BANK, N.A.,

    *Garnishee.*

_____/

**REPORT AND RECOMMENDATION ON MOTION FOR FINAL JUDGMENT
IN GARNISHMENT AGAINST GARNISHEE TD BANK, N.A.**

This matter is before the Court on Plaintiff/Judgment Creditor Synovus Bank's ("Judgment Creditor") motion for the entry of final judgment in garnishment against Garnishee TD Bank, N.A. ("Garnishee"). [D.E. 26].  No opposition of any kind was filed or transmitted by any interested party or Defendants in the action.  Accordingly, the motion may be granted by default under S.D. Fla. Local Rule 7.1.  Additionally, the motion should be **GRANTED** on the merits based on the record presented on the motion.

    1.    On October 19, 2021, the Court entered an order granting final default judgment in Judgment Creditor's favor for the sum of $5,044,894.44, with interest

1

accruing thereafter by law at the statutory rate (the "Judgment"). [D.E. 12]. On December 21, 2022, the Clerk of Court issued a Writ of Garnishment directed toward Garnishee that was served on the Garnishee on December 22, 2022.

2. On December 27, 2022, the Garnishee served its Answer to the Writ (the "Answer"). [D.E. 21]. The Answer indicated that Garnishee is holding $446,794.74 in an account ending -4372 that belongs solely to Defendant/Judgment Debtor LCH Trading, Inc.

3. Judgment Creditor timely served the notices required by Fla. Stat. § 77.041(2) and Fla. Stat. § 77.055 upon Defendants/Judgment Debtors. [D.E. 22]. Despite notice of such service on the docket, Defendants/Judgment Debtors did not timely serve a claim of exemption as required by Fla. Stat. § 77.041(1). Nor has any third party who may have an interest in the funds filed any claim of exemption. Similarly, following the service of this motion, no interested party filed any opposition to the motion itself. The motion may thus be granted by default and on the merits based on this record.

4. "Garnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009). A judgment creditor has the right to garnish any debt due to a defendant (judgment debtor) by a third person and any tangible or intangible personal property of defendant in the possession or control of a third person. *See* Fla. Stat. § 77.01 ("Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to

defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. . . .").

5.      "For garnishment purposes, funds in a bank account are presumed to belong to the person in whose name it stands." *Stanbro v. McCormick, 105, LLC*, 213 So. 3d 925, 927 (Fla. 4th DCA 2017); *see also Ginsberg v. Goldstein*, 404 So. 2d 1098 (Fla. 3d DCA 1981).  If a third party claims the property belongs to him or her, rather than to the defendant judgment debtor, the burden of proof lies with the garnishor but the third party must first take the requisite steps to put such issue before the Court to determine the validity of any such claim. *See Stanbro,* 213 So. 3d at 927 (citing section 77.16(1)).

6.      Here, neither the account holder (i.e., Defendant/Judgment Debtor LCH Trading, Inc.) nor any third party have staked any claim of exemption from the writ of garnishment.  Nor has any third party claimed the account belongs only to them. So, the record fully supports a judgment of garnishment on the account at issue pursuant to the terms of the outstanding judgment and Fed. R. Civ. P. 69. *See, e.g., Peacock v. Thomas,* 516 U.S. 349, 359 (1996) ("Rule 69(a) . . . permits judgment creditors to use any execution method consistent with [state] practice and procedure.").

Accordingly, it is hereby **RECOMMENDED** that a Judgment of Garnishment be entered on the account ending in -4372 held in the name of "LCH Trading Inc." with an approximate total value of $446,794.74 as of December 27, 2022, which is

maintained by Garnishee TD Bank, N.A.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite the objection period. Thus, the parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 24th day of August, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge